SEIBERT, SR. ET AL. *v.* BIRCH.

[No. 15,415. Filed April 13, 1937.]

*W. D. Hardy,* for appellants.

*Oscar Birch,* for appellee.

WOOD, C. J.—This is an appeal from a judgment of the lower court entered in a proceeding supplementary to execution, brought by the appellee against the appellants. The cause was heard and determined upon appellee's amended affidavit, resulting in a finding and judgment against the appellants. Within proper time each appellant filed a separate motion for a new trial alleging as causes therefor, that the finding of the court was contrary to law and not sustained by sufficient evidence. These motions were overruled and this action of the trial court is the only error assigned by each appellant for reversal.

The assignment of error requires an examination of the evidence introduced upon the trial of the cause, and we are met at the threshold with the claim of appellee, that the evidence is not in the record in such a manner as to enable us to pass upon its sufficiency to sustain the finding and judgment from which this appeal is taken.

The record discloses that on June 7, 1932, the cause was submitted to the court for trial, that evidence was heard and the cause taken under advisement, that further proceedings were continued from time to time until September 19, 1932, when the appellee was permitted to amend his affidavit, additional evidence was heard and on motion of appellee the cause was again continued from time to time until July 12, 1934, when further proceedings were had and a final judgment entered for appellee.

The original bill of exceptions containing the evi-

dence, which is incorporated in and made a part of the record does not purport to contain the evidence heard at the hearings on June 7, and September 19, 1932, but only that evidence introduced at the hearing of July 12, 1934. In their oral argument counsel for both parties admitted this to be a fact.

The appellee also insists that the bill of exceptions included in the transcript which purports to contain the evidence introduced at the hearing of the cause on July 12, 1934, is deficient and fails to present any question for our consideration because it is not shown in the bill of exceptions, nor in the certificate of the trial judge thereto, that it contains all the evidence given in the trial of the cause. It is not necessary for us to express any opinion on the merits of this contention.

It is evident that all the evidence given in the trial of the cause is not before the court. We are unable to determine whether the decision of the trial court is sustained by sufficient evidence or whether it is contrary to law.

Judgment affirmed.